Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiffs JUANA TRINIDAD-MENDOZA, MILTON PRADO, and FRANCISCO RODIGUEZ, on behalf of themselves and all others similarly situated

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA TRINIDAD-MENDOZA, MILTON PRADO, and FRANCISCO RODIGUEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DL PROSPECT, INC., a California corporation, DL PRUNEYARD, INC., a California corporation, LAN T. DUONG, an individual, doing business as TOGO'S SANDWICHES, and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime**<br>2. **Failure to Provide Meal Periods**<br>3. **Failure to Provide Rest Periods**<br>4. **Violation of Labor Code Sections 201- 203**<br>5. **Failure to Provide Accurate Wage Statements**<br>6. **Unfair Business Practices (Bus. & Prac. Section 17200)**<br>7. **Violation of Labor Code Section 2699 ("PAGA")**<br>8. **Collective Action - Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JUANA TRINIDAD-MENDOZA, MILTON PRADO, and FRANCISCO RODRIGUEZ ("Plaintiffs") allege, on behalf of themselves and all others similarly situated, causes of action against Defendants, each of them, as follows:

## I.

## <u>INTRODUCTION</u>

1. This is an action brought on behalf of current and former employees of DL PROSPECT, INC., DL PRUNEYARD, INC., LAN T. DUONG, and DOES 1 through 10 (hereinafter "Defendant," "Togo's" or "Togo's Sandwiches").  Defendants operate several Togo's Sandwiches franchise restaurants in California.

2. Under Defendants' policies and practices, Plaintiffs regularly were not provided with paid rest breaks or unpaid lunch breaks.

3. Plaintiffs were not paid at an overtime rate when working more than 8-hours per day or 40-hours per week.

4. Defendants failed to maintain accurate employment records for its employees and failed to provide Plaintiffs with their employment records per multiple records requests pursuant to California Labor Code 226.

5.      Defendants' policies are in violation of the California Labor Code as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

a.      Failing to pay its employees overtime compensation for hours worked in excess of 8 hours in one day and/or 40 hours in one week;

b.      Failing to pay its employees premium wages for missed meal periods;

c.      Failing to pay its employees premium wages for missed rest periods;

d.      Failing to maintain accurate employment records for its employees in California; and

e.      Failing to pay its employees amounts owed at the end of employment.

6.      Plaintiffs seek unpaid wages, overtime, premium pay for missed meal and rest breaks, and related Labor Code violations, on behalf of themselves and the proposed class.

/ / /

/ / /

/ / /

## II.

## PARTIES

### Plaintiffs

7.     At all relevant times herein, Plaintiffs were employed by Defendants and worked at multiple Togo's Sandwiches restaurant in Santa Clara County, California.

8.     Plaintiff Trinidad-Mendoza performed the majority of her work hours at Defendants' restaurant located at 18574 Prospect Rd., Saratoga, CA 96070.

9.     Plaintiff Trinidad-Mendoza also regularly worked at Defendants' restaurant located at 21267 Stevens Creek Blvd, Ste. 314, Cupertino, CA 95014.

10.     Plaintiff Trinidad-Mendoza sporadically worked shifts at both the Saratoga and Cupertino locations in the same day.

11.     Plaintiff Prado worked as a "Crew Member" for Defendants from approximately April 2016 to May 2017 at Defendants' restaurants in Santa Clara County, California.

12.     Plaintiff Prado performed work at three of Defendants' Togo Sandwiches locations.  All three locations where Plaintiff Prado worked are within a small geographic zone with an approximate radius of three miles.

13.     Plaintiff Prado performed the majority of his work hours at Defendants' restaurant located at 21267 Stevens Creek Blvd, Ste. 314, Cupertino, CA 95014. "TOGO SANDWICHES" is identified as the "Employer" on Plaintiff's Prado paystubs from this location.

14.     Plaintiff Prado also regularly worked at Defendants' restaurant located at 561 E. El Camino Real, Sunnyvale, CA 94087. "DL PROSEPECT, INC." is identified as the "Employer" on Plaintiff's Prado paystubs from this location.

15.     Plaintiff Prado also periodically performed work at Defendants' Togo's restaurant located at 18574 Prospect Rd., Saratoga, CA 96070.

16.     Plaintiff Rodriguez worked as a "Crew Member" for Defendants from 2013 to approximately summer 2014 at Defendants' restaurants in Santa Clara County, California.

17.     Plaintiff Rodriguez worked for Defendants at three of Defendant's restaurants (21267 Stevens Creek Blvd, Ste. 314, Cupertino, CA 95014; 561 E. El Camino Real, Sunnyvale, CA 94087; and 18574 Prospect Rd., Saratoga, CA 96070).

/ / /

/ / /

/ / /

**Defendants**

18. Plaintiffs allege on information and belief that Defendants, DL PROSPECT, INC., and DL PRUNEYARD, INC., operate a chain of TOGO'S SANDWICHES restaurants in or around Santa Clara County, California.

19. Defendant DL PROSPECT, INC., is a California corporation, regularly and systematically doing business in California.

20. Defendant DL PRUNEYARD, INC., is a California corporation, regularly and systematically doing business in California.

21. Defendant LAN T. DUONG, an individual California resident, is listed as the "employer" on at least two of the Named Plaintiffs' W2 tax forms.

22. Plaintiffs allege on information and belief that Defendant DL PROSPECT, INC., is Defendants' corporate entity for operating TOGO'S SANDWICHES restaurants in Cupertino, CA, Sunnyvale, CA, Saratoga, CA, and Mountain View, CA.

23. Plaintiffs allege on information and belief that Defendant DL PRUNEYARD, INC., is Defendants' corporate entity for operating a TOGO'S SANDWICHES restaurant in Campbell, California.

24. As a result of being solely responsible for paying employees and any failure to pay is directly due to his actions, LAN T. DUONG had personal

TRINIDAD-MENDOZA ET AL. V. DL PROSPECT, INC. - COMPLAINT

responsibility for the decision that lead to employees being unlawfully deprived of minimum wages, overtime pay, and unpaid wages.

25.    As the Chief Executive Office of DL PROSPECT, INC., and DL PRUNEYARD, INC., Defendant LAN T. DUONG had control of significant aspects of Defendant's day to day operations, including compensation of the employees.

26.    LAN T. DUONG appears to be operating DL PROSPECT, INC., and DL PRUNEYARD, INC., as alter egos of himself.  Furthermore, at least two of the Named Plaintiffs' W2 tax forms listed LAN T. DUONG – not DL PROSPECT, INC., or DL PRUNEYARD, INC., – as Plaintiffs' employer.

27.    Plaintiffs allege on information and belief that LAN T. DUONG is the owner and operator of DL PROSPECT, INC., and DL PRUNEYARD, INC.

28.    Documents filed with the California Secretary of State lists "LAN T. DUONG" as the sole owner of DL PROSPECT, INC., and DL PRUNEYARD, INC.

29.    Defendant LAN T. DUONG'S spouse supervised Plaintiffs and was in charge of administrating Defendants' policies and procedure, including hiring, firing, and preparing the work schedules for all three Plaintiffs at Defendants' various locations.

30.    Plaintiffs allege on information and belief that Defendants own and operate Togo's Sandwiches restaurants at the following locations:

21267 Stevens Creek Blvd, Ste. 314, Cupertino, CA 95014;

561 E. El Camino Real, Sunnyvale, CA 94087;

18574 Prospect Rd., Saratoga, CA 96070;

1955 W. El Camino Real, Mountain View, CA 94040; and

1875 S. Bascom Ave, Ste. 113, Campbell, CA 95008.

31.    Plaintiffs allege on information and belief that there may be additional Togo's Sandwiches restaurants owned and operated in California by either DL PROSPECT, INC., DL PRUNEYARD, INC., LAN T. DUONG, or other related joint employer entities, in addition to the known locations identified above.

32.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure §474.  Plaintiffs are informed and believe, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to

reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

33.    Plaintiffs are informed and believe, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

34.    Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the putative class.  Plaintiffs are informed and believe and thereon alleges that at all times relevant to this action, the named Defendants and Defendants DOES 1 through 10 were affiliated, and were an integrated enterprise.

35.    Plaintiffs are informed and believe and thereon alleges that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other class members, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other class members.

36.    Plaintiffs are informed and believe and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation,

successor in interest and/or predecessor in interest of some or all of the other

Defendants, and was engaged with some or all of the other Defendants in a joint

enterprise for profit, and bore such other relationships to some or all of the other

Defendants so as to be liable for their conduct with respect to the matters alleged

below.

37.    Plaintiffs are informed and believe and thereon alleges that each

Defendant acted pursuant to and within the scope of the relationships alleged

above, that each Defendant knew or should have known about, authorized,

ratified, adopted, approved, controlled, aided and abetted the conduct of all other

Defendants; and that each Defendant acted pursuant to a conspiracy and

agreement to do the things alleged herein.

## III.

## <u>PLAINTIFF'S CLAIMS</u>

38.    Plaintiffs allege that Defendants' consistent understaffing was

institutionalized into each restaurant's labor practices, such that Plaintiffs and the

class they seek to represent were not able to, or permitted to, take <u>timely</u> rest

breaks or lunch periods, pursuant to the Labor Code, Industrial Welfare

Commission Wage Order 5-2001, and other applicable Wage Orders.

39.    At all locations where Plaintiffs regularly worked, Plaintiffs would clock-in to start their shift and clock-out at the end of their shift, but would frequently work through their meal and rest breaks.

40.    Defendants required Plaintiffs to take early or late breaks to avoid having employees on breaks during the busy lunch shifts.  This uniform policy is at the expense of Plaintiffs' right to be able to take breaks during shifts in Defendants' restaurants.

41.    Plaintiffs were not paid when clocked-out for their rest breaks and regularly performed work during their purported meal and rest breaks.

42.    Defendants apparently did not have any policy or practice to make a correction if there was a meal period violation.  Plaintiffs were never paid one hour of pay for each day in which they were denied a meal period.  Plaintiffs have suffered injury by being required to work through their meal periods without being appropriately compensated for doing so.

43.    Defendants' timecards entries were frequently not Plaintiffs' own entries, but rather entered by their manager.

44.    Plaintiffs allege Defendants' timecards did not accurately reflect their actual hours worked.  While Plaintiffs had access to Defendants' timecard system, Defendants' would regularly clock-in/clock-out for him.  Defendants

regularly clocked-out Plaintiffs for breaks, but required Plaintiffs to work through their meal and rest breaks.

45.     Plaintiff Prado made multiple requests to see their timecard clock-in/clock-out hours.  Defendants refused to let Plaintiff Prado see their timecards. Plaintiff Prado was denied any opportunity to review of their clocked hours before the hours were submitted for actual payment.

46.     Plaintiffs allege that Defendants engage in uniform policies and conduct at all its restaurants, as alleged herein resulting in violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5, by changing, back-dating, editing, and adding meal and rest breaks, which were not taken timely by Defendants' employees, if taken as all.

47.     Plaintiff Prado's and Plaintiff Trinidad-Mendoza both regularly worked at two of Defendants' locations.  Plaintiff's work hours at multiple locations were not combined when calculating regular or overtime wages.

48.     Plaintiff Prado would typically work 5 to 7 hours at Defendants' Cupertino location during the morning and afternoon.  Plaintiff Prado would then drive to Defendants' Sunnyvale location and work an additional 3-5 hours in the afternoon and evening.

49.     Plaintiffs work hours at when working at multiple locations was not combined when Defendants calculating their hours worked and hourly wages.  As

a result, Plaintiffs were not paid 1.5 times their regular hourly wage when working more than 8-hours per day or 40-hours per week, or 2.0 times their regular hourly wage when working more than 12-hours per day.

50.     Defendants also failed to pay overtime even when Defendants' timecards show that Plaintiffs and other class member worked over 8 hours a day at a single location.

51.     Plaintiffs allege that Defendants have maintained and continue to maintain uniform practices and procedures for each of Defendants' restaurants in California, which are in inconsistent with the law.  Plaintiffs allege the rest and meal break violations alleged herein and the illegal editing of timecards was based on and in accordance with Defendants' uniform practices and procedures, and is the basis for this proposed class action by Plaintiff.

## IV.

## <u>CLASS ALLEGATIONS</u>

52.     Plaintiffs bring these causes of action on behalf of themselves and on behalf of all persons similarly situated, ("the class") as alleged herein.  This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382, Federal Rule 23, and other applicable law pertaining to class actions.

53.    The proposed class Plaintiffs seek to represent is presently defined as follows:

> All restaurant workers, including, but not limited to, all crew members, food preparers, and shift managers, who have worked at one of Defendants' restaurants in California in the last four years.

54.    Plaintiffs are members of the proposed class.

55.    There is a well-defined community of interest in the litigation and the class is ascertainable.

A.    **<u>Numerosity</u>**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case.

B.    **<u>Common Questions Predominate</u>**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

i.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

ii.  Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to Labor Code Section 510, and Wage Order, No. 4-2001, for the period

14

commencing four years prior to the date of the filing of this

complaint and continuing through the date of judgment;

iii. Whether Defendants' policy and practice of classifying class

members as exempt from overtime entitlement under California law

and Defendants' policy and practice of failing to pay overtime to the

California class members violate applicable provisions of California

law, including applicable statutory and regulatory authority;

iv. Whether Defendants unlawfully failed to pay overtime

compensation in violation of the California Unfair Competition Law,

Cal. Bus. & Prof. Code §17200 et seq., and the California Labor

Code and related regulations, Cal. Labor Code §§ 201, 202, 203,

226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

v. Whether Defendants violated California law by their policies,

programs, practices, procedures and protocols regarding rest periods

for class members;

vi. What were and are the policies, programs, practices, procedures and

protocols of Defendants regarding furnishing to the class members,

upon each payment of wages, itemized statements required by Labor

Code section 226;

vii.  Whether Defendants violated California law by their policies,

programs, practices, procedures and protocols regarding furnishing

to the class members, upon each payment of wages, itemized

statements required by Labor Code section 226;

viii.  Whether Defendants violated Business & Professions Code sections

17200 *et seq.* by their policies, programs, practices, procedures and

conduct referred to in this cause of action;

ix.  Whether Defendants obtained voluntarily waivers with consent and

full disclosure, and whether a written signed waiver is effective as to

all future meal and rest periods;

x.  The proper *measure of* damages sustained and the proper measure

of restitution recoverable by members of the California class; and,

xi.  Additional common questions of law and fact may develop as the

litigation progresses.

C.    **Typicality**: Plaintiffs' claims are typical of the claims of the class.

Plaintiffs and other class members sustained losses, injuries and damages arising

out of the Defendants' common policies, programs, practices, procedures, and

course of conduct referred to in each cause of action and throughout this

Complaint, which were applied uniformly to class members as well as Plaintiffs.

Plaintiffs seek recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiffs.

D.    **Adequacy**: Plaintiffs and their counsel will fairly and adequately protect the interests of the class.  Plaintiffs have no interest that is adverse to the interests of the other class members.

E.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

17

F.     **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

**V.**

**CAUSES OF ACTION**

**First Cause of Action**

**Failure to Pay Wages at Overtime Rate**
**(Labor Code §§ 510, 1194, 1198 and 1199, IWC Wage Orders,**
**and Related Violations)**

56.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

57.     Throughout the period applicable to this cause of action, Plaintiffs and the class members worked in excess of forty (40) hours per week and/or in excess of eight (8) hours per day.

58.    Throughout the period applicable to this cause of action, Defendants did not pay Plaintiffs or class members at the required overtime rates for the work described in the preceding paragraphs.

59.    Labor Code Section 1194(a) provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney s fees, and costs of suit."  Plaintiffs and the class members were denied the legal minimum wage and the legal overtime compensation as detailed herein.  Pursuant to California Labor Code section 1194, Plaintiffs and the class members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

60.    Wage Order No. 9 provide that employees in California shall not be employed more than 8 hours in a day and/or 40 hours in a week, unless they received additional compensation beyond their regular rate of pay in amounts set by law.

61.    Plaintiffs and the class members worked in excess of 8 hours a day and/or 40 hours a week as drivers for Defendants.

62.    Defendants failed to pay Plaintiffs and the other class members, premium overtime compensation for the hours they worked in excess of the maximum hours permissible by law (Labor Code §1198).

63.    As a direct and proximate result of Defendants' unlawful conduct and failure to pay premium overtime compensation, as set forth herein, Plaintiffs and the class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

64.    Pursuant to Labor Code Section 1199, "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission." Defendant violated section 1119 as described herein.

## **Second Cause of Action**

### **Failure to Provide Meal Periods**
### **(Labor Code §§ 226.7 and 512)**

65.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

66.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

67.     Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday.  Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

68.     Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

69.    Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

70.    By virtue of this unlawful conduct, Plaintiffs and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

71.    Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiffs and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

72.    On information and belief, Plaintiffs allege that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods.  Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any

written waivers were obtained without full disclosure and are thus involuntarily and without consent.

73.    Plaintiffs and the class they seek to represent request relief as described herein.

## Third Cause of Action

### Failure to Provide Rest Periods
### (Labor Code § 226.7)

74.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

75.    Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for each 4 hours, or major fraction thereof, that each such employee works during each workday.

76.    Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

77.    By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein,

Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

78.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiffs and class members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and members of the Plaintiffs class.  On information and belief, Plaintiffs allege that Defendants' failure to maintain accurate records was willful.

79.    As a result of the unlawful acts of Defendants, Plaintiffs and the class members they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

## **Fourth Cause of Action**

### **Violation of Labor Code Sections 201- 203**

80.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

81.    Plaintiffs and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action.

TRINIDAD-MENDOZA ET AL. V. DL PROSPECT, INC. - COMPLAINT

82.     Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

83.     As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiffs and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

84.     Therefore, each of these employees is entitled to one day's wages for each day they were not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each employee is entitled to thirty days' wages.

**Fifth Cause of Action**

**Failure to Furnish Accurate Wage Statements**
**(Labor Code §§ 226(b), 1174, 1175)**

85.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

86.     Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

87.     Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including"… "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

88.     Plaintiffs are informed and believe and upon that basis allege, that Defendant has failed to maintain accurate records in compliance with Labor Code section 1174 and/or Wage Order No. 9 for Plaintiffs and the class.  Pursuant to Labor Code Section 1174.5, Plaintiffs and the class are entitled to each collect a civil penalty from Defendant in the amount of $500.

89.     Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the employee is paid, (7) the name of the employee and last four digits of the

employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

90.    Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiffs and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

91.    Plaintiffs and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

92.    Plaintiffs and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover from Defendant fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

93.     Plaintiffs and the class members are entitled to an award of attorney fees plus costs.

## Sixth Cause of Action

### Violation of Unfair Competition Law
### (Bus. and Prof. Code § 17200 *et seq.*)

94.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

95.     Plaintiffs bring this action on behalf of themselves and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.*  Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

96.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiffs and the class members in being wrongfully

denied lawfully earned wages outweighs the utility, if any, of Defendants' policies

or practices and, therefore, Defendants' actions described herein constitute an

unfair business practice or act within the meaning of the UCL.

97.    The unlawful and unfair business practices and acts of Defendants,

and each of them, described above, have injured the class members in that they

were wrongfully denied the payment of earned overtime wages.

98.    Plaintiffs, on behalf of themselves and the class, seek restitution in

the amount of the respective unpaid wages earned and due at a rate not less than

one and one-half times the regular rate of pay for work performed in excess of

forty hours in a work week, or eight hours in a day, and double the regular rate of

pay for work performed in excess of twelve hours per day and such other legal

and equitable relief from Defendants' unlawful and willful conduct as the Court

deems just and proper.

99.    Pursuant to Business and Professions Code sections 17200 *et seq.*,

for the statute of limitations period covered by this cause of action, Plaintiffs and

the class members are entitled to restitution for at least the following:  the unpaid

overtime earnings and other unpaid earnings withheld and retained by Defendants

referred to above.

100.    Plaintiffs, the class members, and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

101.    Defendant is also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiffs, on behalf of themselves and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

## Seventh Cause of Action

### Violation of Labor Code Section 2699 (PAGA)
### (On Behalf of Plaintiff Prado and Other Aggrieved Employees)

102.    Plaintiff Prado incorporate all previous paragraphs of this Complaint as though fully set forth herein.

103.    As a result of the acts alleged above, Plaintiff Prado and the aggrieved employees he seeks to represent seek penalties under Labor Code §§201-203, 212, 226, 226.7, 510, 1182.12, 1194, 1197, and 1197.1.

104.    For each such violation, Plaintiff Prado and the aggrieved employees he seeks to represent are entitled to penalties in an amount to be shown at the time of trial subject to the following formula: $100 for the initial violation per employee per pay period, and $200 for each subsequent violation per employee per pay period.

105.    These penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employees.

106.    Plaintiff Prado filed a PAGA complaint online with the LDWA on or about November 30, 2017, and served Defendants by certified mail as prescribed by the Labor Code.

107.    Plaintiff Prado and the aggrieved employees he seeks to represent seek penalties as the LDWA is not investigating pursuant to Labor Code §2699.3(a)(2)(A).

108.    WHEREFORE, Plaintiff Prado and the aggrieved employees he seeks to represent request relief as described herein and as deemed just.

## Eighth Cause of Action

### Violations of the Fair Labor Standards Act
### ("FLSA," 29 U.S.C. 201, *et seq.*)

109.    At all times relevant herein, Plaintiffs and the collective class members are/were employed with Defendants as "employees" within the meaning of the FLSA.

110.    Plaintiffs are informed and believe, and thereon allege, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of their employees who in any workweek is engaged in commerce or in

TRINIDAD-MENDOZA ET AL. V. DL PROSPECT, INC. - COMPLAINT

the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

111.    Under the FLSA, an employer must pay an employee at least one and one-half times their or her regular rate of pay for each hour worked in excess of forty hours per workweek.  Plaintiffs are informed and believe, and thereon allege, that Defendants have required, or require collective class members, as part of their employment, to work without additional compensation, such as overtime pay, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That section provides the following: "Except as otherwise provided in this section, no employer shall employ any of their employees for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which they is employed."

112.    Plaintiffs are informed and believe, and based hereon, allege that Defendants have required and/or require the collective class members, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation, and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29 U.S.C. §§ 206 and 207(a)(1).

113.   The FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well.  Indeed, in the performance of their duties for Defendants, Plaintiffs and collective class members often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA.  The precise number of unpaid overtime hours will be proven at trial.

114.   Defendants' violations of the FLSA were willful and are ongoing.

115.   Plaintiffs propose to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.

116.   Attached hereto as Exhibit 1 is each Plaintiff's signed FLSA consent to join.

117.   As a result of Defendants' unlawful conduct, Plaintiffs and the collective class members have suffered damages as set forth herein.

118.   As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid

wages, including overtime wages owed by Defendants to Plaintiffs and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all members of the class, pray for relief as follows:

1.      That the Court determine that this action may be maintained as a class action;

2.      That Plaintiffs be appointed the representative of the proposed class and subclasses;

3.      That the attorneys of record for Plaintiffs whose names appear in this Complaint be appointed class counsel;

4.      For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b) and (c), 1174.5, 1197.1

5.      For compensatory damages representing the amount of unpaid wages owed to Plaintiffs and the class members;

6.      For compensatory damages, representing the amount of unpaid overtime compensation owed to Plaintiffs and all others similarly situated;

7.    For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

8.    For compensatory damages pursuant to Labor Code Section 2802;

9.    For reasonable attorneys' fees and costs pursuant to Labor Code Sections 1194, 2802(c), 226(e);

10.    For such general and special damages as may be appropriate;

11.    For liquidated damages as authorized pursuant to Labor Code Sections 1194.2,

12.    For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

13.    For pre-judgment interest;

14.    For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

15.    For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

16.    A declaratory judgment that the practices complained of herein are unlawful under California state law;

17.    Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

18.    Such other injunctive and equitable relief as the Court deems proper.

**DATED:** May 7, 2018                    **NUNES WORKER RIGHTS LAW, APC**

By:  Anthony J. Nunes, Esq.
Attorneys for Plaintiffs, JUANA
TRINIDAD-MENDOZA, MILTON
PRADO, and FRANCISCO RODIGUEZ,
on behalf of themselves and all others
similarly situated